Receipt number AUSFCC-10875852

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| JANE DOE, on behalf of herself and all others similarly situated, | ) ) ) ) ) Case No.: **25-1942 C** |
| *Plaintiff*, | ) ) |
| *v.* | ) ) **CLASS ACTION COMPLAINT** |
| UNITED STATES OF AMERICA, | ) ) |
| *Defendant*. | ) ) ) |

### INTRODUCTION

1. Plaintiff Jane Doe served her country with distinction in the United States Air Force from 2003 to 2010. She deployed to Kirkuk Regional Air Base in support of Operation Iraqi Freedom, and for her exemplary service, she received multiple commendations. She was temporarily medically retired in 2010 and permanently retired the following year.

2. To honor and compensate veterans like Ms. Doe—those retired from military service and suffering from combat-related disabilities—Congress enacted the Combat-Related Special Compensation (CRSC) statute. *See* Pub. L. No. 107-314, § 636, 116 Stat. 2458, 2574 (2002) (codified at 10 U.S.C. § 1413a). The Department of the Air Force determined that Ms. Doe qualified for CRSC, and awarded her retroactive payment for the time between when the Air Force received her completed application and issued its decision. But consistent with Department of Defense (DoD) guidance, the Air Force has refused to award, and the Defense Finance Accounting Service (DFAS) has refused to pay benefits to which she is lawfully entitled—compensation for the period between September 2010 (the first full month after she was initially eligible for service-connected disability benefits from the Department of Veterans Affairs (VA)) and August 2025 (the month after her application was received).

3. That refusal—and any guidance directing such a result—defy the text, structure, and purpose of the CRSC statute. Ms. Doe brings this action to vindicate the promise that our Nation made to its combat-wounded veterans—that they will receive full and fair compensation for the sacrifices that they made in its defense.

## JURISDICTION AND VENUE

4. This case arises under 10 U.S.C. § 1413a, which confers a substantive right to monetary benefits from the defendant, the United States of America, for qualified retired servicemembers and, therefore, is a money-mandating provision of law.

5. Accordingly, this Court has original jurisdiction over this action under the Tucker Act, 28 U.S.C. § 1491(a)(1), and venue is proper in this Court.

6. In accordance with 28 U.S.C. § 2401(a), this action is brought within six years of August 27, 2025, the date on which the Air Force unlawfully denied retroactive CRSC payments to Ms. Doe for the period between the first full month after she was initially eligible for service-connected disability benefits from the VA in 2010 and the month after her application was received in July 2025.

## PARTIES

7. Plaintiff Jane Doe is a veteran of the Air Force, from which she was honorably discharged. Ms. Doe currently resides in North Carolina. This complaint may refer to her interchangeably as "Jane Doe" or "Ms. Doe." "Jane Doe" and "Ms. Doe" are used as a pseudonym, given that use of her true name would publicly disclose highly sensitive personal information—including her status as a disabled veteran and details about her health—and cause significant harm to Ms. Doe. A motion to proceed under a pseudonym further explaining these grounds is forthcoming.

8.      The defendant is the United States of America, acting by and through the Department of Defense, the Department of the Air Force, and the Defense Finance Accounting Service, all federal government agencies, and the subcomponents and officers, employees, and agents thereof. This complaint may refer to the defendant interchangeably as the "United States," the "Department of Defense," "DoD," the "Air Force," the "Defense Finance Accounting Service," "DFAS," the "federal government," and the "government."

## FACTUAL ALLEGATIONS

### Combat-Related Special Compensation Statute

9.      Generally speaking, persons retired from military service receive retired pay, with various statutes triggering that right, which are not in dispute here.

10.     Retired veterans ordinarily must waive a portion of that military retirement pay to receive disability benefits from the VA. *See* 38 U.S.C. §§ 5304–5305.

11.     In 2002, Congress enacted the CRSC statute, which provides special compensation for combat-related disabilities up to the amount waived. *See* Pub. L. No. 107-314, § 636, 116 Stat. at 2574.

12.     The statute currently states that "[t]he Secretary concerned"—the Secretary of the Air Force in Ms. Doe's case—"shall pay to each eligible combat-related disabled uniformed services retiree who elects benefits under this section a monthly amount for the combat-related disability of the retiree determined under subsection (b)." 10 U.S.C. § 1413a(a).

13.     Subsection (b)(1), in turn, states that "the monthly amount to be paid an eligible combat-related disabled uniformed services retiree under subsection (a) for any month is the amount of compensation to which the retiree is entitled under title 38 for that month, determined without regard to any disability of the retiree that is not a combat-related disability." *Id.*

3

§ 1413a(b)(1). Subsection (b)(2) sets a maximum monthly payment, and subsection (b)(3) adjusts the monthly amount in ways immaterial to this case. *Id.* § 1413a(b)(2), (3).

14. Subsection (c) defines eligibility and states that "an eligible combat-related disabled uniformed services retiree referred to in subsection (a) is a member of the uniformed services who—(1) is entitled to retired pay (other than by reason of section 12731b of this title); and (2) has a combat-related disability." *Id.* § 1413a(c)(1)–(2).

15. Subsection (d) states: "The Secretary of Defense shall prescribe procedures and criteria under which a disabled uniformed services retiree may apply to the Secretary of a military department to be considered to be an eligible combat-related disabled uniformed services retiree." *Id.* § 1413a(d). It further requires that such procedures "apply uniformly throughout the Department of Defense." *Id.*

16. Subsection (e) defines "combat-related disability" to mean "a disability that is compensable under the laws administered by the Secretary of Veterans Affairs and that—(1) is attributable to an injury for which the member was awarded the Purple Heart; or (2) was incurred (as determined under criteria prescribed by the Secretary of Defense)—(A) as a direct result of armed conflict; (B) while engaged in hazardous service; (C) in the performance of duty under conditions simulating war; or (D) through an instrumentality of war." *Id.* § 1413a(e)(1)–(2).

17. In sum, the statute specifies that entitlement to CRSC benefits begins when a veteran is entitled to retirement pay, *see id.* § 1413a(c)(1), and has a condition that is compensable by the VA, *see id.* § 1413a(e). The CRSC statute thus confers an effective date that is the later of: (1) the first full month after the veteran's retirement; or (2) the first full month after a veteran is awarded service-connected disability benefits from the VA.

*Soto v. United States*

18.     Prior to August 20, 2025, DoD determined the amount of retroactive CRSC payments as follows:

19.     First, DoD determined the date on which the veteran was first eligible for CRSC. Per the statute, the veteran's eligibility arose on the date when the veteran both was "entitled to retired pay" and "ha[d] a combat-related disability," *i.e.*, a disability recognized by the VA. *Id.* § 1413a(c), (e). This first full month after this date was listed as the "effective date" on CRSC award decisions.

20.     Second, DoD paid retroactive CRSC back to this "effective date"—with one key exception: DoD applied the Barring Act's six-year limitations period to restrict the amount of retroactive payments that a veteran could obtain under CRSC. *See* 31 U.S.C. § 3702(b). Thus, if the veteran was first eligible more than six years before the veteran applied, DoD would assign an effective date six years before the application date and pay a maximum of six years of retroactive CRSC.

21.     Corporal Simon Soto was medically retired and had a combat-related disability acknowledged by the VA in 2006. Congress amended the CRSC statute to make CRSC available to medical retirees—those retired because their disabilities rendered them unable to perform their duties—like Corporal Soto beginning January 1, 2008. Thus, Corporal Soto met the requirements for CRSC payments on that date, January 1, 2008. He successfully applied for CRSC in 2016, but the government treated his award as limited by the Barring Act to six years of retroactive payments before his application was complete. He filed a class action arguing that the Barring Act did not apply to CRSC.

22. The Supreme Court agreed with Corporal Soto and held that the Barring Act did not limit retroactive CRSC payments to six years. *See Soto v. United States*, 605 U.S. 360, 370 (2025).

23. In reaching this decision, the Supreme Court recognized that the CRSC statute does not "expressly limit the number of months for which an applicant may obtain payment." *Id.* at 365.

24. It further stated that "where, as here, the statutory scheme involves a small group of particularly deserving claimants, it is not extraordinary to think that Congress wished to forgo a limitations period." *Id.* at 371.

25. And it noted that "the CRSC statute clearly authorizes the Secretary concerned to determine CRSC claimants' eligibility according to specific criteria, and those criteria say nothing about time limits." *Id.* at 372 (citing 10 U.S.C. § 1413a(a), (c)–(d)). "Under these circumstances," it concluded, "the most reasonable inference is that the process of 'determin[ing] upon the validity' of a CRSC claim simply does not involve applying a defined period of recovery." *Id.* (alteration in original).

### Post-*Soto* Interim Guidance

26. On August 20, 2025, Acting Assistant Secretary of Defense for Manpower and Reserve Affairs William G. Fitzhugh issued *Interim Guidance on Combat-Related Special Compensation Determinations Pursuant to the United States Supreme Court Decision in* Soto v. United States *and on Effective Dates of Combat-Related Compensation Determinations* (Post-*Soto* Interim Guidance). This Post-*Soto* Interim Guidance is attached as Exhibit 1 and expressly incorporated into this complaint.

27. The Post-*Soto* Interim Guidance directs the Secretaries of the military departments to "cease applying the Barring Act to limit compensation in CRSC award decisions" and provides

6

procedural guidance to the Secretaries of the military departments to determine the effective dates for CRSC awards that pre-date *Soto*. Ex. 1, at 1.

28. The Post-*Soto* Interim Guidance further directs that, "for CRSC eligibility determinations made on or after the date of this memorandum," "the effective date for CRSC payments is the date on which the Secretary concerned first received the completed application." *Id.* at 2 (emphasis omitted). The Post-*Soto* Interim Guidance thus changed DoD's policy for determining the effective date of CRSC payments: for decisions issued before August 20, 2025, the effective date was the first full month after the date on which the veteran became eligible for CRSC pursuant to the statute; for decisions issued on or after August 20, 2025, the effective date was the first full month after the date on which the Secretary concerned received a completed application.

**The Unlawful Denial of Ms. Doe's Full Retroactive CRSC**

29. Ms. Doe served honorably in the Air Force from March 2003 until August 2010. Her service included a three-month deployment to Iraq. Among other awards, she received the Air Force Expeditionary Service Ribbon with Gold Border, reflecting that Ms. Doe participated in combat operations.

30. Ms. Doe medically retired from the Air Force and became eligible for retired pay in August 2010.

31. Also in August 2010, Ms. Doe was determined to have a compensable service-connected disability. She was found to have other service-connected compensable disabilities in later years.

32. Ms. Doe submitted her completed CRSC application to the Air Force in July 2025.

7

33.     In August 2025, after issuance of the Post-*Soto* Interim Guidance, the Physical Disability Division of the Air Force Personnel Center issued its decision memorandum on Ms. Doe's application for CRSC.

34.     The memorandum indicated that Ms. Doe's application was approved based on several medical conditions and that she was determined to have a combined combat-related disability percentage of 90%. However, the memorandum further stated: "Effective dates for CRSC are determined by the month in which the Board receives a completed claim. Because CRSC is issued in full monthly payments, the effective date will begin on the first day of the month following the receipt of the claim." Accordingly, because Ms. Doe's claim was received in July 2025, the effective date for her CRSC payments was August 1, 2025—even though Ms. Doe met all the CRSC entitlement criteria in August 2010. That was when Ms. Doe met both eligibility requirements of Section 1413a: she was "entitled to retired pay" and had a "combat-related disability," *i.e*., a "combat-related" disability compensable by the VA.

35.     The determination of the effective date for Ms. Doe's CRSC payments as August 1, 2025, rather than the first month after she was eligible (September 2010), was consistent with the Post-*Soto* Interim Guidance.

36.     The determination of the effective date for Ms. Doe's CRSC payments, as well as the Post-*Soto* Interim Guidance's creation of an effective date that limits those monthly payments, are contrary to the CRSC statute and the Supreme Court's decision in *Soto*.

37.     The CRSC statute directs the government to pay "a monthly amount for the combat-related disability of the retiree" who is "eligible." 10 U.S.C. § 1413a(a).

38. Subsection (b) specifies how the Secretaries are to calculate the monthly amount, and it does not authorize the Secretaries to establish an effective date. Rather, as the Supreme Court recognized, the statute "say[s] nothing about time limits." *Soto*, 605 U.S. at 372.

39. Subsection (d)'s direction to the Secretary of Defense to "prescribe procedures and criteria" does not allow the government to rewrite the statute. "Procedures" under the statute are the steps that a retiree must follow to "apply to the Secretary of a military department to be considered to be an eligible combat-related disabled uniformed services retiree." 10 U.S.C. § 1413a(d); *see Procedure*, Black's Law Dictionary 1323 (9th ed. 2009) (defining "procedure" as "[a] specific method or course of action"). "Criteria" are the standards applied to determine whether a retiree is "eligible" for CRSC. 10 U.S.C. § 1413a(d); *see Criterion*, Oxford Eng. Dictionary, https://doi.org/10.1093/OED/2304273753 (last updated Sep. 25, 2025) (defining "criterion" as "[a] test, principle, rule, canon, or standard, by which anything is judged").

40. The Post-*Soto* Interim Guidance's "effective date" is nothing more than a limitations period by another name in violation of the statutory text, structure, and purpose. Congress sought to provide compensation to veterans with combat-related disabilities. And once more, the DoD has defied that direction.

## CLASS ALLEGATIONS

41. Ms. Doe brings this action on behalf of herself and all others similarly situated.

42. *Class definition.* Ms. Doe seeks to certify under Rule 23 of the United States Court of Federal Claims a class that is defined as follows:

> All former servicemembers of the Army, Navy, Air Force, Marine Corps, Coast Guard, and Space Force whose CRSC applications under 10 U.S.C. § 1413a were granted, but who were denied CRSC payments for the periods preceding their applications and during which they met the eligibility requirements under 10 U.S.C. § 1413a(c) for such payments, as a result of the government unlawfully specifying that their CRSC was effective only upon receipt of their completed applications.

9

43. *Numerosity.* The numerosity requirement of Rule 23(a)(1) of the United States Court of Federal Claims is satisfied because, upon information and belief, the members of the class are so numerous as to make joinder impracticable. While the exact number of class members is presently unknown to Ms. Doe and can be ascertained only through appropriate discovery, information available to Ms. Doe and her counsel suggests that class members number at least in the hundreds.

44. Specifically, records published by DoD suggest that numerosity is met here. DoD regularly issues reports on military retirees, including CRSC recipients. The last report, issued in 2023 and covering fiscal year 2022, stated that 52,304 disability-retirees received CRSC payments. *See* U.S. Dep't of Def., Off. of the Actuary, *Statistical Report on the Military Report System* 25, 68 (2023), https://tinyurl.com/3w5jv6y7. The previous report, issued in 2022 and covering fiscal year 2021, stated that 50,302 disability retirees received such payments, *see* U.S. Dep't of Def., Off. of the Actuary, *Statistical Report on the Military Report System* 25, 68 (2022), https://tinyurl.com/yujkz2fn—a difference of 2,002 veterans. This difference means that *at least* 2,002 CRSC petitions were granted over the one year period, a number that is likely an undercount if it is assumed that some prior recipients passed away during that timeframe. Using the 2,002 figure, however, and extrapolating that rate (about 167 veterans receiving approval of their CRSC applications per month) to the present circumstances, it can be assumed that over 400 veterans received approval of their CRSC applications but were denied retroactive CRSC payments over the 2.5-month timespan that has passed between the issuance of the Post-*Soto* Interim Guidance and the filing of this complaint.

45. *Commonality.* The commonality requirement of Rule 23(a)(2) of the United States Court of Federal Claims is satisfied because there are questions of law and fact common to the

10

class. Common questions include, but are not limited to, whether the United States may lawfully deny an otherwise eligible veteran retroactive CRSC by making CRSC payments effective only upon receipt of a completed application. The United States has acted in a similar manner toward all class members by denying each the full extent of retroactive CRSC payments to which they are entitled consistent with the Post-*Soto* Interim Guidance.

46. *Typicality and adequacy.* The typicality and adequacy requirements of Rule 23(a)(3) and (4) of the United States Court of Federal Claims are met. Ms. Doe's claim is typical of the claims of the class, given that the denial of full retroactive CRSC benefits to her arises from the same course of events as the denials of such benefits to other class members, and Ms. Doe will fairly and adequately protect the interests of the class. Further, Ms. Doe's retained attorneys are competent and experienced in class actions and veterans matters, and they will fairly and adequately protect the interests of the class.

47. *Maintainability.* The maintainability requirements of Rule 23(b)(2) and (3) of the United States Court of Federal Claims are met. As noted, the United States has acted on grounds generally applicable to the class. Questions of law or fact common to the members of the class—especially, but not exclusively, the lawfulness of making CRSC payments effective only upon the receipt of a completed application—predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Permitting Ms. Doe to maintain this action on behalf of the proposed class will bring appropriate monetary relief to the class as a whole.

## COUNT I

## (10 U.S.C. § 1413a)

48. Ms. Doe incorporates the allegations in paragraphs 1 through 47 as if fully set forth herein.

49. 10 U.S.C. § 1413a confers a substantive right to monetary benefits for qualifying discharged servicemembers.

50. Ms. Doe and other members of the proposed class have been denied the full amount of CRSC retroactive compensation to which they are entitled under 10 U.S.C. § 1413a as a result of the federal government unlawfully deeming CRSC payments effective only upon the receipt of a completed application. The exact amount owed to Ms. Doe can only be calculated by DFAS, but can safely be estimated to exceed $50,000.

## PRAYER FOR RELIEF

Ms. Doe respectfully requests that this Court enter judgment against the United States and award the following relief:

a. Certifying this action as a class action;

b. Appointing Ms. Doe as the representative of the class;

c. Appointing Ms. Doe's counsel as class counsel;

d. Granting retroactive CRSC benefits to Ms. Doe and the other class members in amounts that are formulaic in nature;

e. Awarding Ms. Doe and the other class members costs and reasonable attorneys' fees; and

f. Granting any other relief that the Court deems proper.

Dated: November 13, 2025

Respectfully submitted,

/s/ Tacy F. Flint

| | |
|---|---|
| Christopher A. Eiswerth<br>Jacob Steinberg-Otter<br>SIDLEY AUSTIN LLP<br>1501 K Street, N.W.<br>Washington, DC 20005<br>Telephone: (202) 736-8000<br>Facsimile: (202) 736-8711<br>ceiswerth@sidley.com<br>jacob.steinbergotter@sidley.com | Tacy F. Flint<br>Emily M. Wexler<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Telephone: (312) 853-7000<br>Facsimile: (312) 853-7036<br>tflint@sidley.com<br>ewexler@sidley.com |
| Daniel Whalen*<br>HOGAN LOVELLS US LLP<br>390 Madison Avenue<br>New York, NY 10017<br>Telephone: (212) 918-3000<br>Facsimile: (212) 918-3100<br>daniel.whalen@hoganlovells.com | Zachary Sanfilippo<br>HOGAN LOVELLS US LLP<br>555 Thirteenth Street, N.W.<br>Washington, DC 20004<br>Telephone: (202) 637-5600<br>Facsimile: (202) 637-5910<br>zach.sanfilippo@hoganlovells.com |
| * *pro hac vice* application forthcoming | Rochelle Bobroff<br>NATIONAL VETERANS LEGAL SERVICES<br>    PROGRAM<br>1100 Wilson Boulevard<br>Arlington, VA 22209<br>Telephone: (202) 621-5709<br>Facsimile: (202) 223-9199<br>rochelle@nvlsp.org |